# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-14-00403-CR
### NO. 02-14-00404-CR


JULIAN ALEJO                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1336750D, 1337044D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Julian Alejo appeals his convictions for aggravated robbery with a deadly weapon and for robbery. We affirm.

A grand jury indicted appellant for committing aggravated robbery with a deadly weapon (a wrench) and robbery against separate victims. In each case, appellant received appointed counsel, waived constitutional and statutory rights,

---

[1]*See* Tex. R. App. P. 47.4.

judicially confessed to all allegations in the indictment, and entered an open guilty plea while affirming that he was aware of the plea's consequences and that the plea was voluntary. The trial court ordered the preparation of a presentence investigation report and set a date to consider appellant's punishment.

Three months after appellant entered his pleas, the trial court held the punishment hearing. At the hearing, the court received the presentence investigation report, and the State presented testimony from one of the victims of appellant's crimes. Appellant presented testimony from himself[2] and from a pastor, who described appellant as "repentant." After the parties concluded their presentation of evidence and arguments, the court convicted appellant of both charges and sentenced him to fifteen years' confinement for the robbery charge and thirty years' confinement for the aggravated robbery charge, with the sentences running concurrently. Appellant brought these appeals.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that there is nothing in the record that might arguably support these appeals. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of

---

[2]In part, appellant connected the commission of his crimes with his use of drugs and with the negative influences of people with whom he associated.

*Anders*).  We gave appellant an opportunity to file a pro se response to counsel's brief, and he did so.  The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se response.  We agree with counsel that these appeals are frivolous and without merit; we find nothing in the record that might arguably support the appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2015

3